UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES W. MYART, JR., | § |
| *Plaintiff*, | § |
| v. | § Civil Action No. SA-17-CV-00063-XR |
| ALAN WARRICK, ET AL., | § |
| *Defendants*. | § |

## ORDER

On this date, the Court considered Defendants Chase Bank and its 10 John and Jane Does' Motion to Dismiss. Docket no. 10. After careful consideration, the Motion is GRANTED and Plaintiff James Myart's claims against these defendants are DISMISSED.

## BACKGROUND

On January 26, 2017, *pro se* Plaintiff James Myart filed his original petition in the 37th Judicial District Court of Bexar County. Docket no. 1-1 at 1. The case was removed to this Court on January 30, 2017. Docket no. 1. Myart's complaint incorporates allegations that he made in four lawsuits previously filed in this Court that have since been dismissed. *See* Docket no. 1-1 at 2 (referencing Case Nos. 5:16-CV-455, 5:16-CV-736, 5:16-CV-819, and 5:16-CV-824). The complaints from these cases allege that Myart was beaten and assaulted by San Antonio Police Department officers. Myart brings various causes of action for violations of 42 U.S.C. § 1983, negligence and negligent supervision under the Texas Tort Claims Act, assault, and official oppression. The current complaint contains a shortened version of these allegations and also mentions other misconduct by city officials. *Id*. at 3. The caption of the current complaint references numerous defendants, including at least eight named defendants and 70 Doe defendants. *Id*. at 1–2.

Neither Chase Bank nor any of its employees were named as defendants in the prior actions, but Myart's complaint in this action lists "Chase Bank and its John and Jane Does 10" as defendants. *Id*. Myart's complaint alleges that "[a]ll Chase Defendants conspired with Melton and Monnihan, SAPD officers, to injure and did injure Plaintiff Myart." Docket no. 1-1 at 2. Another document contained in the state court file (titled "FURTHER STATEMENT OF FACTS AGAINST NEWLY NAMED DEFENDANTS AS ABOVE STYLED") states that "Myart was injured at the Defendant Chase's location haven [sic] been the victim of racial discrimination and conspiracy between Defendant Police Officers and Defendant Chase Bank employees." Docket no. 1-1 at 109.

On April 11, 2017, the Chase Defendants filed a 12(b)(6) motion to dismiss, arguing that Myart's complaint fails to state a claim upon which relief can be granted. Docket no. 10 at 4. Myart has not responded to the motion, and his deadline to respond has expired.[1]

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

---

[1] This deadline includes an extra three days under Federal Rule of Civil Procedure 6(d).

The only two documents that mention the Chase defendants are Myart's complaint in this action and the "further statement of facts against newly named defendants as above styled." None of the complaints from the previous actions, which Myart incorporated into his current complaint, make allegations against the Chase Defendants. A joint reading of the documents that mention the Chase Defendants indicates that, at most, Myart was allegedly assaulted by police at a Chase Bank location and that Chase employees somehow conspired with law enforcement to racially discriminate against and injure Myart. Myart does not identify a specific cause of action against these defendants.

Myart's complaint does not state a claim upon which relief could be granted as to the Chase Defendants. The complaint barely mentions them at all, and to the extent that it does, its allegations are unclear and conclusory. Myart does not explain what actions of the Chase Defendants constitute a conspiracy with police, nor does he explain how the Chase Defendants injured him. He does not provide the Chase Defendants with fair notice of the claims being brought against them, and, as noted, he does not tie his vague allegations to any specific causes of action. In short, Myart's allegations against the Chase Defendants are akin to "an unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has stated does not satisfy federal pleading standards. *Iqbal*, 556 U.S. at 678. Accordingly, the Chase Defendants' motion to dismiss is granted.

## CONCLUSION

The Chase Defendants' Motion to Dismiss (Docket no. 10) is GRANTED. Myart's claims as to these defendants ("Chase Bank and its John and Jane Does 10") are DISMISSED. This case is to remain open pending the resolution of Myart's claims against all other defendants.

It is so ORDERED.

SIGNED this 8th day of May, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE